IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| DAVID L. MORELAND, | * | |
| Plaintiff, | * | |
| v. | * | CV 214-143 |
| CHIEF JUDGE LISA GODBEY WOOD, et al., | * | |
| Defendants. | * | |

## ORDER

Presently before the Court are Plaintiff's Motions to Transfer Venue and for "Recusal, Removal, Disqualification or Impeachment of the . . . Eleventh Circuit United States District Judges." (Docs. 6, 11.) For the reasons set forth below, these motions are **DENIED**.

### I. BACKGROUND

The history of these and related proceedings is lengthy and convoluted.[1] Thus, the Court addresses only the factual and procedural background relevant to the current motion.

On September 17, 2014, Plaintiff David L. Moreland filed the current action in the Southern District of Georgia, Brunswick Division, alleging that Chief Judge Lisa Godbey Wood, Magistrate Judge James E. Graham, the Eleventh Circuit Court of Appeals Judges, and others committed a multitude of constitutional violations against him. (Doc. 1, "Compl.") Plaintiff claims that

---

[1] Additionally, Plaintiff's motions and complaint are handwritten and at times illegible. With that in mind, the Court has made every effort to accurately quote and articulate Plaintiff's arguments.

these parties conspired against him[2] in a previous civil law suit by ruling inadmissible certain evidence, making derogatory racial remarks, and refusing to appoint counsel and to allow him to proceed in forma pauperis. Additionally, Plaintiff claims that Chief Judge Wood and Magistrate Judge Graham "had the U.S. Court of Appeals [] help conceal the truth by getting the clerks to throw the case out." (Compl. ¶ 49.) As best the Court can discern, Plaintiff asserts claims of legal malpractice, violation of the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), and conspiracy.

Following the filing of Plaintiff's complaint, Chief Judge Wood transferred the case to this Court.[3] (Doc. 7.) Now before the Court are Plaintiff's motions for a transfer of venue[4] and recusal of the Honorable J. Randal Hall and the Honorable Brian K. Epps. (Docs. 6, 11.) Plaintiff asserts that Judge Epps and I "are disqualified to hear this case matter" because our position in the Eleventh Circuit creates a conflict of interest, putting "in question [the] fairness, impartiality, bias, and prejudic[e]." (Doc. 11 at 4.) I address these motions on behalf of myself and Judge Epps.

---

[2] Plaintiff actually contends that Chief Judge Wood and Judge Graham conspired amongst each other, with the defense attorneys in the underlying lawsuit, and with the Eleventh Circuit Court of Appeals.
[3] Plaintiff appears to assert that Chief Judge Wood's October 2, 2014 Order transferring the case to this Court is void. Plaintiff's basis for this claim is that Chief Judge Wood did not comply with the Constitution and thus her orders are void. This argument is non-sensical given the facts presented and lacks any basis in law. Indeed, Chief Judge Wood appears to have transferred the case to remove any conflict, which is precisely what Plaintiff seeks.
[4] The Motion to Transfer Venue asserts the same justification as the Motion for Recusal: conflict of interest. As such, the Court will simultaneously address both motions from this point forward as a single Motion for Recusal.

2

## II. DISCUSSION

Plaintiff requests that we recuse ourselves from this case and transfer it to the District of Columbia Circuit. Plaintiff's motion appears to be based on the fact that Judge Epps and I are judges of the Eleventh Circuit, and fellow Eleventh Circuit judges are named defendants in this matter. Plaintiff asserts that these circumstances require recusal.

Plaintiff cites two statutes in support of his Motion for Recusal: 28 U.S.C. § 144 and 455. Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. The Court recognizes that Plaintiff filed his motion within weeks of the complaint and includes in his filing an affidavit; however, and for the reasons described below, Plaintiff has not presented sufficient evidence that Judge Epps or I have a personal bias or prejudice against him.[5]

Section 455(a) instructs a federal judge to disqualify himself if "his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard of review for a Section 455(a) motion is

---

[5] Plaintiff's affidavit states, among other things, that "the Court is racist bias prejudice against Plaintiff on December 6th 2010," that Plaintiff filed with the clerk the present motion to disqualify the judges of the Eleventh Circuit, and that "the Court is still continuing to function improperly in violating (sic) citizen constitutional rights." (Doc. 11, Ex. 1.)

3

"whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). Any doubts must be resolved in favor of recusal. U.S. v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989). In addition, Section 455(b) includes a *per se* rule that lists particular circumstances requiring recusal. Parker, 855 F.2d at 1527. Specifically, Section 455(b)(1) requires a judge to recuse himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(b)(1). Thus, Section 455(b) is stricter than Section 455(a) and is concerned with situations that may involve actual bias rather than Section 455(a)'s concern with public perception of the judicial process.

Upon review of Plaintiff's motions (Docs. 6, 11), I find that Plaintiff has not satisfied the standard under Section 144 or 455. First, any professional relationship with the named judges does not create the appearance of impropriety requiring recusal, nor does our mere position as Eleventh Circuit judges. Indeed, to heed Plaintiff's request would render every federal judge in Georgia, Florida, and Alabama disqualified to hear the case.[6] "[D]isqualification of an entire district is not justified except under highly exceptional circumstances, which are not present

---

[6] The Court also notes that if a professional relationship between judges or membership to a common group is sufficient to require recusal in this matter, it would be possible that *no* judge could properly hear this case.

4

here." U.S. v. Cork, 2007 WL 2570761, at *4 (N.D. Ga. 2007) (quoting Clemens v. U.S. Dist. Ct. for the Cent. Dist. of Ca., 428 F.3d 1175, 1180 (9th Cir. 2005)); see also Pilla v. Am. Bar Ass'n, 542 F.2d 56 (8th Cir. 1976) ("[W]here all are disqualified, none are disqualified[.]" (internal quotation marks omitted)).

Moreover, despite blanket assertions that this entire judicial circuit is biased and cannot hear the case impartially, Plaintiff fails to point to any particular facts evidencing bias from Judge Epps or me. Indeed, the Tenth Circuit Court of Appeals addressed a strikingly similar issue and reached the same conclusion in Switzer v. Berry, 198 F.3d 1255 (10th Cir. 2000). There, the plaintiff brought a civil RICO action and named as defendants all active and senior judges of the Tenth Circuit Court of Appeals, as well as several district court judges, clerks, and the U.S. Attorney for Colorado. Id. at 1257. The court held that the recusal statute "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." Id. at 1258; see also Tapia Ortiz v. Winter, 185 F.3d 8, 10 (2d Cir. 1999) (denying a motion for recusal even where the entire panel was named as defendants and holding "[t]hat it is possible to convene a disinterested panel in another circuit does not require transfer here, where appellant has indiscriminately named all then-current Second Circuit judges as defendants, even those who had no role in deciding either of his appeals"). Here, neither Judge Epps nor I had any role in the events giving rise to the complaint, nor do we

5

have any personal knowledge of the underlying issues aside from those asserted in the complaint. Thus, Plaintiff's motion fails under both Sections 144 and 455.

### III. CONCLUSION

Based upon the forgoing, Plaintiff's motions for transfer of venue and recusal (Docs. 6, 11) are **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of October, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

For the reasons set forth above, I likewise decline to recuse myself from this matter and concur in the Court's Denial of Plaintiff's motions for transfer of venue and recusal (Docs. 6, 11).

**SO ORDERED** AT Augusta, Georgia, this 10th day of October, 2014.

_____
HONORABLE BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6