IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DAVID L. MORELAND,            *
                              *
        Plaintiff,            *
                              *
                              *
    v.                        *      CV 214-143
                              *
CHIEF JUDGE LISA GODBEY WOOD, *
et al.,                       *
                              *
        Defendants.           *

**O R D E R**

Plaintiff David L. Moreland ("Plaintiff") filed the instant complaint on September 17, 2014 alleging an elaborate conspiracy among the judges in his prior employment discrimination lawsuit, the opposing lawyers, and his former employer. On April 16, 2015, this Court dismissed (1) all claims against Chief Judge Lisa Godbey Wood, Magistrate Judge James E. Graham, and Clerk Lois Tunstall under the doctrine of judicial immunity; (2) all claims for legal malpractice; and (3) all claims under 42 U.S.C. §§ 1983 & 1985 as time barred.

The Court also found that Plaintiff's Civil RICO claims were woefully under pled. However, and specifically in reference to Plaintiff's status as a *pro se* litigant, the Court afforded him the opportunity to amend his complaint, within certain parameters, to state any such claim. Plaintiff's amended complaint was to be filed on or before April 30, 2015. Rather than file an amended

complaint, Plaintiff has filed two other motions. First, he filed a motion to vacate the judgment under Rule 60(b). (Doc. 61.) Thereafter, he moved the Court to stay Plaintiff's deadline to file his amended complaint until the Court ruled on the motion to vacate. (Doc. 62.)

**A.     Motion to Stay**

Plaintiff has set forth no basis to stay this action. He presents a two paragraph motion wherein he states that he filed a motion to set aside the Court's earlier Order and that all proceedings should be stayed until the Court resolves that motion. The Court disagrees. Despite the serious pleading deficiencies and the prejudice they imposed on Defendants, the Court extended Plaintiff the opportunity to replead his complaint. Plaintiff has presented no reason why he should not be compelled to follow the timeline imposed by the Court. Accordingly, Plaintiff's motion (doc. 62) is **DENIED**.

**B.     Motion to Vacate Judgment**

Plaintiff moves to vacate the Court's April 16, 2015 Order (doc. 59) "on the grounds of inappropriate dismissal, inappropriate delay, interference with the case, misrepresentation, fraud, unconstitutional violations, ex parte communications, conspiracy, and other laws, of trespassing committing treason against the constitution of the United States." (Doc. 59 at 2-3.) It appears that Plaintiff has determined that this Court is now part of his conspiracy theory. Plaintiff alleges, *inter alia*, that this Court

lacks subject matter and personal jurisdiction (doc. 61 at 12); that Judge Brian K. Epps and I deprived Plaintiff of his right to due process by not allowing him to serve the judges of the Eleventh Circuit Court of Appeals[1] (id. at 13); that Judge Epps and I did this to help conceal the truth of Chief Judge Wood's and Judge Graham's conspiracy (id. at 16); and Judge Epps and I are in violation of the "Code of Conduct" (id. at 17). Plaintiff closes with this "sort of deception will not be tolerated and if this is routine it should be corrected immediately." (Id. at 19-20.)

Plaintiff asserts two grounds for vacating the judgment: Rule 60(b)(3) ("fraud") and Rule 60(b)(4) ("the judgement is void"). "To prevail on a 60(b)(3) motion, the movant must 'prove[] by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct.'" Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007) (quoting Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir. 2000)). Plaintiff has clearly not met this burden. He alleges, in conclusory fashion, that this Court dismissed his case in an effort to conceal the truth given the professional relationship Judge Epps and I have with some of the defendants in this case. Plaintiff has presented no evidence that the adverse parties engaged in fraud that would prevent Plaintiff from being heard on this matter, much less clear and convincing

---

[1] The Court notes here that the Order Plaintiff seeks to have vacated expressly afforded him the opportunity to serve these judges.

3

evidence. See Montgomery v. Hall, 592 F.2d 278, 278-79 (5th Cir. 1979) ("However, the party making the rule 60(b)(3) motion must establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case.").[2]

"Federal Rule of Procedure 60(b)(4) provides that a court may 'relieve a party or its legal representative from a final judgment' if 'the judgment is void.'" S.E.C. v. Lauer, No. 13-13110, 2015 WL 1782022, at *3 (11th Cir. Apr. 21, 2015) (quoting FED. R. CIV. P. 60(b)(4)). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short . . . ." Id. (internal quotations omitted).

Plaintiff argues that the judgment is void because this Court lacked subject matter and personal jurisdiction. As a preliminary matter, Plaintiff invoked the jurisdiction of the Southern District of Georgia in filing his complaint, thereby submitting himself to the Court's jurisdiction. As to subject matter jurisdiction, with the exception of his legal malpractice claim, all of Plaintiff's claims are grounded in federal law. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all

---

[2] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in Eleventh Circuit).

4

civil actions arising under the Constitution, laws, or treaties of the United States." To the extent Plaintiff alleges that this Court lacked subject matter jurisdiction because of a conflict of interest, the Court already discussed this argument when addressing Plaintiff's Motion for Recusal and Motion to Transfer Venue. (Doc. 11 & 13.)

For these reasons, and many others not stated herein, Plaintiff's motion to vacate (doc. 61) is **DENIED**.

## C. Plaintiff's Failure to Prosecute

This Court is always cognizant of the hardships faced by *pro se* litigants navigating the court system. For that reason, the Court provided Plaintiff with the opportunity to amend his complaint to properly plead his Civil RICO claim. Civil RICO, notably, must be pled with particularity under Federal Rule of Civil Procedure 9, a fact the Court brought to Plaintiff's attention in the April 16th Order. Plaintiff was given fourteen days to file an amended complaint, but he has failed to comply with the Court's timeline, and the Court finds dismissal for failure to prosecute appropriate. See Worthy v. Ga. Dep't of Human Res., No. 2:05-cv-214, 2006 WL 91538, at *1 (S.D. Ga. Jan. 13, 2006) (Alaimo, J.).

Even if that were not the case, the Court would still find Plaintiff's last claim standing due to be dismissed. As was discussed in detail in the April 16, 2015 Order, Plaintiff's "complaint contains mostly conclusory allegations and citations to

5

cases and statutes. While he does present some facts in the early and late paragraphs of his complaint, he does not identify which facts apply to which claims or which Defendants." (Doc. 59 at 28-29.) Because Plaintiff has decided to forego the opportunity to amend his complaint, the Court is left with the original that, as addressed by Defendants, does not meet the high burden imposed by the federal pleading standards for Civil RICO.

**D. Conclusion**

Based on the foregoing, Plaintiff's motion to stay (doc. 62) is **DENIED**. His motion to vacate judgment (doc. 61) is also **DENIED**. Finally, because Plaintiff has failed to file an amended complaint to cure the original's pleading deficiencies, Plaintiff's sole remaining claim is hereby **DISMISSED WITH PREJUDICE**. The Clerk is therefore **DIRECTED** to terminate all pending motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 1st day of May, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA